IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DOUGLAS E. KELSO,                    :
                                     :
            Petitioner,              :
                                     :
      v.                             :      Civil Action No. 11-1047-RGA
                                     :
DOMINC ORSINO, Colonel, Orange       :
County Jail, ATTORNEY GENERAL        :
OF THE STATE OF NEW YORK,            :
CARL DUBOIS, Sheriff, TOWN OF        :
WALLKILL, and MIDDLETOWN             :
MOTEL,                               :
                                     :
            Respondents.[1]          :

## MEMORANDUM

## I. BACKGROUND

Petitioner Douglas E. Kelso ("Kelso") has filed a document titled "Petition for Writ

of Habeas Corpus" ("petition") captioned for the Supreme Court of the State of New

York. (D.I. 1) According to the petition, Kelso is being unlawfully detained in the

Orange County Jail in the State of New York while he awaits trial for violating sections

140.15 and 165.15 of the Penal Law of the State of New York. *Id.* at 1.

## II. STANDARD OF REVIEW

Federal courts are required to liberally construe *pro se* filings. *See Royce v.*

*Hahn*, 151 F.3d 116, 118 (3d Cir. 1998). Nevertheless, a district court may summarily

---

[1]Pursuant to Rule 2, 28 U.S.C. foll. § 2254, the proper respondents for a § 2254 petition include the officer with current custody over the petitioner and the attorney general of the state where judgment was entered. In this case, Kelso incorrectly named as respondents the Sheriff, Town of Wallkill, and the Middletown Hotel. Therefore, the the following will be added as respondents to this proceeding: Dominc Orsino, the officer with custody over Kelso, and the Attorney General of the State of New York.

dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." *See* Rule 4, 28 U.S.C. foll. § 2254.

## III. DISCUSSION

Given its duty to liberally construe *pro se* filings, the court views the instant petition as a request for habeas relief filed pursuant to 28 U.S.C. § 2254. However, the face of the petition clearly demonstrates that Kelso is not in custody in the State of Delaware and that he is not challenging a sentence or conviction imposed by the State of Delaware. *See* 28 U.S.C. § 2254; 28 U.S.C. § 2241(d)(petition may be filed either in the district "wherein such person is in custody or . . . the district within which State court was held which convicted and sentenced him"); 28 U.S.C. § 2242; Rules Governing Section 2254 Cases in the United District Court, Rule 2(a). Therefore, summary dismissal is appropriate because the court does not have jurisdiction over the instant proceeding.

## IV. CONCLUSION

For the aforementioned reasons, the court will summarily dismiss Kelso's § 2254 petition for lack of jurisdiction. The court will also decline to issue a certificate of appealability because Kelso has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate order will be entered.